PAT MURPHY v. THE STATE.

No. 4135. Decided May 5, 1909.

**1.—Carrying Pistol—Charge of Court.**

Where upon trial of unlawfully carrying a pistol the defendant claimed that the pistol had been given to him by one who had just found it with the request that he hand it to some one else, which he claimed he did; and the court submitted this issue to the jury, there was no error.

**2.—Same—Charge of Court—Special Charge.**

Where the court charged that the jury were the exclusive judges on the weight of the evidence, the credibility of the witnesses and of the facts, but that they must be governed by the law as given them by the court, the same could not impair a special charge requested by the defendant.

**3.—Same—Remarks of Judge—Bill of Exceptions.**

Where upon appeal there was no bill of exceptions to the remarks of the judge certifying to the alleged objection, the same could not be considered.

Appeal from the County Court of Mitchell. Tried below before the Hon. A. J. Coe.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by information in the County Court of Mitchell County with unlawfully carrying on and about his person a pistol. He was convicted of the offense charged, and his punishment assessed at a fine of $100. The evidence of the State was to the effect, in substance, that appellant was seen in the

city of Colorado with a pistol in a restaurant in said city. It was appellant's defense that the pistol had been given him by one Coggin, who had just found it, with the request that he hand it to someone else there in the restaurant to put away. This defense was submitted to the jury by special instruction, given at the instance of appellant, in this language:

"You are charged, as a part of the law in this case, that, if you believe from the evidence that Mr. Coggin, on the night alleged in the information, handed a pistol to the defendant in a restaurant in Colorado, Texas, and that the defendant handed it to someone else in charge of said restaurant, he would not be in violation of the law in carrying said pistol from the time the same was handed him by Coggin to the time he gave it to the party in charge of said restaurant."

The only complaint of the charge of the court is to the following clause thereof: "You are the exclusive judges of the weight of the evidence, the credibility of the witnesses and of the facts proved, but you must be governed by the law as given you by the court." This it is claimed was erroneous, in that there was a special charge given the jury at the request of appellant, and this paragraph of the court's charge was hurtful, in that the special charge was as much the law of the case as the charge of the court, and the jury should have been so told. We can not conceive that the jury could have been misled by this paragraph of the court's charge. It seems impossible that any jury could, or would, have misunderstood this instruction.

Counsel for appellant also complain of the language of the court in a remark made to appellant's counsel in the presence of the jury, to the effect, in substance, "I don't believe there ever was a case where you believed the evidence was sufficient and did not want a peremptory instruction." If, in any event, this remark could be held reversible error, it is certain that, in the absence of any exception evidencing the correctness of the claim of error, that we can not consider it.

The case is essentially one of fact, and the jury have found against appellant on evidence justifying their verdict, and we shall not interfere.

The judgment is therefore affirmed.

*Affirmed.*